UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

---------------------------------- x
UNIVERSAL MUSIC-Z TUNES, BARRY J.  :
EASTMOND MUSIC COMPANY,            :
RODSONGS, and W CHAPPELL MUSIC     :
CORP. d/b/a WC MUSIC CORP.,        :   Civil Action No.:
                                   :
                                   :
                       Plaintiffs, :
  -against-                        :   **COMPLAINT**
                                   :
AQUA SEAFOOD BONITA INC.,          :
GORDON STOJKOSKI, and NANCY        :
STOJKOSKI,                         :
                                   :
                       Defendants. :
                                   :
---------------------------------- x

Plaintiffs, by their undersigned attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendant's public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendant's acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2* are the owners of the copyrights in the original musical compositions listed in Column 3, and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, defendant Aqua Seafood Bonita, Inc., ("ASB") is a corporation organized under the laws of the State of Florida with offices at 27940 Crown Lake Boulevard, Bonita Springs, Florida 34135.

6. At all times hereinafter mentioned, ASB did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as the Aqua Seafood and Steaks Bonita ("Aqua Seafood"), located at 27940 Crown Lake Boulevard, Bonita Springs, Florida 34135.

7. Musical compositions were and are publicly performed at Aqua Seafood.

8. On information and belief, defendant Gordon Stojkoski is an individual who resides and/or does business in this district.

9. On information and belief, defendant Nancy Stojkoski (together with ASB, and Gordon Stojkoski, the "Defendants") is an individual who resides and/or does business in this district.

10. On information and belief, at all relevant times, Gordon Stojkoski, and Nancy Stojkoski, were, and still are, officers, directors, and/or owners of ASB.

11. At all times hereinafter mentioned, Gordon Stojkoski, and Nancy Stojkoski, were, and still are, responsible for the control, management, operation and maintenance of the affairs of ASB.

12. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at

---

* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

Aqua Seafood, including the right and ability to supervise and control the public performance of musical compositions at Aqua Seafood.

13. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Aqua Seafood.

### FACTS SPECIFIC TO DEFENDANT'S INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

14. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its nearly more than one million songwriter, composer, and music publisher members.

15. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

16. Going back several years, ASCAP representatives have made numerous attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for Aqua Seafood. ASCAP has contacted Defendants by telephone, by mail, and by e-mail.

17. Defendants have refused all of ASCAP's license offers for Aqua Seafood.

18. ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at Aqua Seafood constitute copyright infringement of ASCAP's members' copyrights in their musical works.

19. Despite repeated reminders of their liability under the United States Copyright Law, Defendants have continued to perform publicly copyrighted

musical compositions written and owned by ASCAP's members at Aqua Seafood including the copyrighted works involved in this action, without permission, during the hours the establishment is open to the public for business and presenting musical entertainment

20. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Aqua Seafood, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

21. The many unauthorized performances at Aqua Seafood include the performances of the three copyrighted musical compositions upon which this action is based.

22. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4

23. Each composition was published on the date stated in Column 5, and since the date of publication has been printed and published in strict conformity with Title 17 of the United States Code.

24. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

25. The composition PLAY THAT FUNKY MUSIC for which there are entries in Columns 7 and 8 is now in the renewal term of copyright, pursuant to 17 U.S.C. 304(a)(2), automatically secured as provided in 17 U.S.C. §304(a)(2)(B)(ii), effective as of the date set for in Column 8.

26. Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by performing publicly the compositions at Aqua Seafood, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

27. The public performances at Aqua Seafood of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

28. The many unauthorized performances at Aqua Seafood include the performances of the three copyrighted musical compositions upon which this action is based.

29. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

30. The said wrongful acts of Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I.  That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Aqua Seafood, or at any place owned, controlled, managed, or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II.  That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein.

III.  That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV.  For such other and further relief as may be just and equitable.


Dated: Fort Myers, Florida
      March 9, 2026

By: __/s/  *Frederick D. Page*_____
     Frederick D. Page
     Fla. Bar No. 968587
     BISHOP & PAGE PLLC
     510 North Julia Street
     Jacksonville, Florida 32202
     Telephone: 904.598.0034
     *fpage@bishoppage.com*
     *aburnett@bishoppage.com*
     *service@bishoppage.com*

     *Counsel for Plaintiffs*